**Jonathan Stone**
**Attorney at Law**
**490 Schooley's Mountain Road–Bldg. 3A**
**Hackettstown, New Jersey 07840–4002**
**Tel. (908) 979–9919 / Fax. (908) 979–9920**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Deborah Richard,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**Mazen Itani, MD, and C.tech** )<br>**Collections, Inc.,** )<br>)<br>**Defendants.** )<br>)<br>)<br>) | *Case No.* **2:13–cv-05328**<br><br>**FIRST AMENDED COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

The Plaintiff, Deborah Richard, says:

### Jurisdiction and Venue

1. Jurisdiction is conferred on this Court pursuant to the provisions of 15 U.S.C. § 1681p(1),15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

2. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred within this federal judicial district and because the Defendants regularly transacts business within this federal district by attempting to collect debts from consumers who reside in this district.

3. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

4. This case is brought within two years of the violations in compliance with the statute of limitations at 15 U.S.C. § 1681p(1).

## Parties

5. The Plaintiff is a natural person who resides in Flanders, Morris County, New Jersey. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a person affected by violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA").

6. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and is a person affected by violations of the Fair Credit Reporting Act, (hereinafter "FCRA").

7. The Defendant, Mazen Itani, MD (hereinafter "Dr. Itani") is an individual whose business is located at 653 Willow Grove Street – Suite 1200, Hackettstown, New Jersey 07840.

8. The Defendant, C Tech Collections, Inc. (hereinafter "C.tech") is a corporation duly organized and existing under the laws of the State of New York, with an office located at 5505 Nesconset Highway, Suite 200, Mount Sinai, New York 11766.

9. The Defendant, C.tech is a "person" as defined by 15 U.S.C. § 1681a(b), a user of consumer credit information used in 15 U.S.C. § 1681b, and a furnisher of credit information as used in 15 U.S.C. § 1681s–2.

## Factual Allegations

10. On or about June of 2012, the Plaintiff allegedly incurred a financial obligation (hereinafter "Obligation") to the Defendant Dr. Itani.

11. Upon information and belief, the alleged Obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

2

12. On or about January of 2013, the Plaintiff's husband received an insurance check for $154.62 (hereinafter "insurance check") for reimbursement of the alleged Obligation.

13. The Plaintiff is informed and believes, and on that basis alleges, that sometime in January of 2013, the Defendant Dr. Itani either directly or through intermediate transactions assigned, placed, transferred or sold the alleged Obligation to C.tech for collection.

14. Upon information and belief, C.tech failed to register to engage in business through the New Jersey Secretary of State.

### January 9, 2013 Collection Attempt

15. On or about January 9, 2013, C.tech began its collection efforts and campaign of communicating with the Plaintiff by sending the Plaintiff a correspondence.

16. This correspondence states, "Mazen Itani, MD has advised us that services were provided when you needed them, and payment is expected."

17. On or about January 18, 2013, the Plaintiff's husband endorsed the insurance check containing the following conspicuous statement: "Michael Richard Make Payable to Dr. Mazen Itani for Payment in Full on Account/Client No RICDE000". Along with this insurance check was a correspondence with the following conspicuous statement, "With this action, we are considering this matter closed." (Emphasis not added.)

18. On or about January 22, 2013, the Plaintiff's husband disputed the validity of the alleged Obligation with C.tech by writing in part, "By now, Dr. Itani's office should have received this letter along with the endorsed insurance check from my union plan that we finally received[]."

19. By January 24, 2013, C.tech cashed this insurance check in full satisfaction of the alleged Obligation pursuant to N.J.S.A. § 12A:3–311.

**January 24, 2013 Collection Attempt**

20. On or about January 24, 2013, C.tech continued its collection efforts by stating, "Thank you for your recent payment in the amount of $154.62; your new balance is $2,095.38. If you cannot pay the full amount in the enclosed envelope, please call us to discuss a mutually agreeable payment arrangement."

21. C.tech's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.  C.tech's misleading and untrue statements regarding the collectability of the alleged Obligation are intended to create a false assumption in the Plaintiff's mind that she still owes the alleged Obligation.

22. C.tech also violated 15 U.S.C. § 1692e and e(10), which prohibits debt collectors from using any false, deceptive, or misleading statements in connection with the collection of a debt.

**February 12, 2013 Collection Attempt**

23. The Plaintiff is informed and believes that C.tech entered into a subscriber agreement with Experian sometime prior to February 12, 2013.  When C.tech entered into that subscriber agreement, C.tech had to certify the purposes for which it sought consumer reports and certify that the information would be used for no other purpose pursuant to 15 U.S.C. § 1681e(a).

24. On February 12, 2013, pursuant to its normal procedure, C.tech obtained the Plaintiff's credit report and used it to collect an alleged Obligation that was not owed to the Defendant Dr. Itani.

25. Various individuals whose names and capacities are presently unknown to the Plaintiff obtained and used the Plaintiff's consumer report on or around February 12, 2013, while

4

acting for and within the scope of their business relationship with C.tech.  Said individuals did not have a lawful purpose for obtaining and using the Plaintiff's consumer report and therefore the receipt and use of the Plaintiff's consumer report violated the FCRA.

26. C.tech's actions violated numerous and multiple provisions of the FCRA, including but not limited to:

> a. 15 U.S.C. § 1681b by obtaining a consumer report without having a permissible purpose; and
>
> b. 15 U.S.C. § 1681f by using the consumer report to collect an alleged debt that did not arise from a credit transaction involving the Plaintiff and without Plaintiff's consent.

## COUNT I
### [Breach of Contract]
### [Mazen Itani, MD Only]

27. The Plaintiff repeats and incorporates paragraphs 1 through 26 as if the same were set forth at length herein.

28. The Plaintiff was/is in contractual privity with the Defendant due to the accord and satisfaction of the Defendant accepting the insurance check in full satisfaction of the alleged Obligation pursuant to N.J.S.A. § 12A:3–311.

29. The Plaintiff performed all of the Defendant's obligations under the contract under accord and satisfaction.

30. The Defendant violated the contract by demanding monies over and above that were due under the contract.

31. The aforesaid breach was material in nature.

32. As a result of the aforesaid breach, the Plaintiff sustained damages.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant, respectfully requests of the Court to enter a judgment as follows:

A.  That the Plaintiff recover against the Defendant compensatory damages;

B.  That the Plaintiff recover against the Defendant the remedies provided for under any state and/or federal statutes plead herein, including but not limited to statutory damages and the equitable remedies provided for under such statutes;

C.  That the Plaintiff recover against the Defendant any other applicable consequential, incidental, nominal and expectation damages; and

D.  To the extent permissible by statutes, Court Rules and the common law, lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

## COUNT II
### [Violation of the Covenant of Good Faith and Fair Dealing]
### [Mazen Itani, MD Only]

33.  The Plaintiff repeats and incorporates paragraphs 1 through 32 as if the same were set forth at length herein.

34.  The Plaintiff was/is in contractual privity with the Defendant based on accord and satisfaction pursuant to N.J.S.A. §12A:3–311.

35.  Covenants of good faith and fair dealing arise when parties enter into contracts such as those at issue in the instant matter and such covenants in fact arose in the instant matter.

36.  At all times relevant hereto, the Plaintiff acted in good faith and yet, the Defendant failed to act in good faith by misrepresenting the nature of the alleged Obligation to the Plaintiff and the co–Defendant.

37. As a result of the Defendant's conduct as aforesaid, the Plaintiff suffered damages.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant, respectfully requests of the Court to enter a judgment as follows:

A. That the Plaintiff recover against the Defendant compensatory damages;

B. That the Plaintiff recover against the Defendant the remedies provided for under any state and/or federal statutes plead herein, including but not limited to statutory damages and the equitable remedies provided for under such statutes;

C. That the Plaintiff recover against the Defendant any other applicable consequential, incidental, nominal and expectation damages; and

D. To the extent permissible by statutes, Court Rules and the common law, lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

## COUNT III
### [Violation of the Fair Debt Collection Practices Act – 15 U.S.C. §§ 1692 et seq.]
### [C.tech Only]

38. The Plaintiff repeats and incorporates paragraphs 1 through 37 as if the same were set forth at length herein.

39. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, the following ways:

   a. The Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    b. The Defendant violated § 1692e of the FDCPA when they used false, misleading and deceptive means in connection with the collection of an alleged debt;

    c. The Defendant violated § 1692e(2) of the FDCPA when they falsely represented the character, amount or legal status of the alleged debt;

    d. The Defendant violated § 1692e(10) of the FDCPA when on its own or through its agents and assigns, used false representations or deceptive means to collect the alleged debt;

    e. The Defendant violated § 1692f of the FDCPA by using unfair and deceptive means to collect an alleged debt;

    f. The Defendant violated § 1692f(1) of the FDCPA by attempting to collect an amount not authorized by an agreement with the Plaintiff;

    g. The Defendant violated § 1692g(b) of the FDCPA by continuing its collection efforts even though the alleged debt was not validated; and

    h. Otherwise being deceptive and failed to comply with the provisions of the FDCPA.

40. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant, respectfully requests of the Court to enter a judgment as follows:

A. That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

B. That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. That the Plaintiff recover against the Defendant an award of attorney's fees, witness fees, court costs and other litigation costs pursuant to 15 U.S.C. § 1692k(a)(3);

D. That the Plaintiff recover against the Defendant an award of the costs of suit, any discretionary costs as may be allowable by law, pre–judgment and post–judgment interest; and

E. To the extent permissible by statutes, Court Rules and the common law, lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

## COUNT IV
### [Violation of the Fair Credit Reporting Act – 15 U.S.C. §§ 1681 et seq.]
### [C.tech Only]

41. The Plaintiff repeats and incorporates paragraphs 1 through 40 as if the same were set forth at length herein.

42. C.tech willfully violated the FCRA by obtaining a consumer report of the Plaintiff without having a permissible purpose pursuant to 15 U.S.C. § 1681b.

43. C.tech willfully violated the FCRA by using the consumer report of the Plaintiff that did not arise from a credit transaction involving the Plaintiff and without the Plaintiff's consent pursuant to 15 U.S.C. § 1681f.

44. The Plaintiff suffered damages as a result of this violation of the FCRA.

45. C.tech's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against C.tech, respectfully requests of the Court to enter a judgment as follows:

A. Statutory damages of not less than $100.00 and not more than $1,000.00 per violation pursuant to 15 U.S.C. § 1681n(a)(1);

B. Punitive damages to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);

C. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Such other and further relief as the court shall deem equitable and just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.


Dated:  September 8, 2013                    By: /s Jonathan Stone
                                             Jonathan Stone
                                             Attorney for Plaintiff